Hudson M. Jobe
Quilling, Selander, Lownds, Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telefax)

ATTORNEYS FOR THE DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| HIGHLAND SELECT EQUITY MASTER FUND, L.P. | § § § | CASE NO: 23-31037-swe7 (Chapter 11) |
| DEBTOR. | § § | |
| HIGHLAND SELECT EQUITY FUND GP, L.P. | § § § | CASE NO: 23-31039-mvl7 (Chapter 11) |
| DEBTOR. | § § | |

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242-1496, BEFORE CLOSE OF BUSINESS ON JULY 5, 2023 WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

## DEBTOR'S MOTION TO TRANSFER/REASSIGN CASE

**TO THE HONORABLE U.S. BANKRUPTCY JUDGES:**

Highland Select Equity Master Fund, L.P. and Highland Select Equity Fund GP, L.P. (the "**Chapter 7 Debtors**") files their Motion to Transfer/Reassign Case (the "**Motion**") as follows:

### JURISDICTION

1. Pursuant to 28 U.S.C. §§ 1334 and 157, the Court has jurisdiction to hear this Motion. Pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) the Motion presents a core proceeding.

### BACKGROUND

2. <u>The Chapter 7 Debtors</u>: these cases were commenced by the filing of voluntary petitions under Chapter 7 of the bankruptcy Code on May 25, 2023. As evidenced by the captions above, one case has been assigned to Judge Larson and the other to Judge Everett. Scott Seidel ("**Trustee**") has been appointed Chapter 7 Trustee in both cases.

3. <u>Highland Capital</u>: The general and limited partner interests of both Chapter 7 Debtors are indirectly owned 100% by Highland Capital Management, L.P. ("**Highland Capital**") or the Highland Claimant Trust, which is the sole owner of Highland Capital (directly or indirectly). Highland Capital has been in a Chapter 11 bankruptcy case pending in the Northern District of Texas, Dallas Division, before Chief Judge Jernigan for over 3 years: *In re Highland Capital Management, L.P.,* Case No. 19-34054-sgj11 (the "**Highland Capital Case**"). The Highland Claimant Trust was formed pursuant to the confirmed plan in the Highland Capital Case. The Highland Capital Case is a complex case with more than 3800 docket entries and a multitude of related appellate and adversary proceedings as of the filing of this Motion. Due to the unique circumstances of the Highland Capital Case, Chief Judge Jernigan approved a gatekeeper injunction requiring certain claimants to obtain pre-authorization from Chief Judge

Jernigan prior to instituting certain litigation involving certain parties to the Highland Capital Case by showing that the claimant holds a 'colorable claim' (the "**Gatekeeper Provision**").[1]

4. <u>The Dugaboy Investment Trust</u>: The Dugaboy Investment Trust is controlled by the former President and Co-Founder of Highland Capital and is also among the most active parties in the complex Highland Capital Case – it is a Contingent Trust Interest holder (as defined in the Claimant Trust Agreement) of the Highland Claimant Trust, it was a former limited partner of Highland Capital (prior to its reorganization), its name appears over 300 times on the docket sheet in the Highland Capital Case, it has filed at least 35 pleadings seeking/contesting substantive relief,[2] it has appealed at least 5 of Chief Judge Jernigan's rulings,[3] and is/was a party to 3 different adversary proceedings presided over by Chief Judge Jernigan,[4] including one as plaintiff.[5] Pursuant to the Gatekeeper Provision, the Dugaboy Investment Trust requested and obtain approval from Chief Judge Jernigan to pursue litigation claims against the Chapter 7 Debtor. The Dugaboy Investment Trust then filed a lawsuit against both Chapter 7 Debtors styled *The Dugaboy Investment Trust v. Highland Select Equity Master Fund, L.P. and Highland Select Equity Fund GP, L.P.,* Case No. 1:23-cv-01636-mvv, pending in the United States District court for the Southern District of New York (the "Dugaboy Lawsuit). The Original Complaint in the Dugaboy Lawsuit is attached as **<u>Exhibit A</u>** hereto.

---

[1] *See* Highland Capital Case Docket No 1943, page 54, § 76 (the "Confirmation Order").

[2] *See* Highland Capital Case Docket Nos. 1153, 1154, 1667, 1706, 1745, 1776, 1868, 1870, 1889, 1971, 2256, 2268, 2290, 2293, 2403, 2424, 2447, 2448, 2467, 2563, 2715, 2932, 2933, 2958, 2959, 3066, 3128, 3333, 3382, 3540, 3602, 3607, 3637, 3752, and 3802.

[3] *See id.* at Docket Nos. 1870, 1972, 2398, 2673, and 2840.

[4] *See* Adversary Nos. 20-03195-sgj, 21-03076-sgj, and 23-03038-sgj.

[5] *See* Adversary No. 23-03038-sgj.

**<u>MOTION TO TRANSFER/REASSIGN CASE - PAGE 3</u>**

5. <u>Issues in the instant Chapter 7 Cases</u>. The Chapter 7 Debtors believe that Highland Capital and The Dugaboy Investment Trust will be the largest (and possibly only non-diminimus) asserted claims in their cases. The Chapter 7 Debtors also believe there may be an arguable preference claim that exists involving Highland Capital. Moreover, resolution of the claims of The Dugaboy Investment Trust will likely involve consideration of the many years of simultaneous common control of Highland Capital, the Chapter 7 Debtors, and The Dugaboy Investment Trust, and various credit facilities, accounts, and transactions involving not only the Chapter 7 Debtors, but also Highland Capital.

**RELIEF REQUESTED**

6. By this Motion, the Chapter 7 Debtors respectfully requests the Courts to reassign these cases to Judge Jernigan given her significant experience and institutional knowledge in the Highland Capital Case generally, and specifically with respect to the various claims asserted by The Dugaboy Investment Trust, including the claims at issue in the Dugaboy Lawsuit that Chief Judge Jernigan has already previewed under the Gatekeeper Provision, and the potential preference claim involving Highland Capital.

7. When considering an *intra-district* transfer request, courts generally have significant discretion. *In re Triplett*, 645 B.R. 196, 198 (Bankr. E.D. Tex. 2022) (discussing inter-division transfer request*); In re Adkins Supply, Inc*., No. 11-10353-RLJ-7, 2015 WL 1498856, at *5 (Bankr. N.D. Tex. Mar. 27, 2015)(considering same). The applicable standard to a request to transfer/reassign intra-division is not clear, but courts typically evaluate the factors for a motion to transfer venue:

> (1) 'the relative ease of access to sources of proof'; (2) 'the availability of compulsory process to secure the attendance of witnesses'; (3) 'the cost of attendance for willing witnesses'; (4) 'all other practical problems that make trial of a case easy, expeditious and inexpensive'; (5) "the administrative difficulties flowing from court congestion"; (6)

**MOTION TO TRANSFER/REASSIGN CASE - PAGE 4**

> "the local interest in having localized interests decided at home"; (7) "the familiarity of the forum with the law that will govern the case"; and (8) "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

*Triplett,* 645 B.R. at 203; *see also Adkins Supply, Inc.,* 2015 WL 1498856 at *5.

8. Here, several of these factors are not applicable because the request is not seeking to change the presiding court geographically. The two applicable considerations to this request that justify the reassignment standing alone are: (1) efficiency and (2) consistent results. Presently, these cases are pending between three Dallas Bankruptcy Judges, two of which appear to be brand new to the issues surrounding Highland Capital and its affiliates, and one that has significant knowledge acquired over 3 years and likely thousands of hours in dealing with thousands of requests for relief and other docket entries, and numerous related adversary proceedings. Further, the deterioration of asset values on or around the time of the onset of the COVID-19 pandemic, and seizure and subsequent liquidation of the Debtor's trading account by the Debtor's prime broker, which would give rise to the eventual voluntary petition of the Chapter 7 Debtors, occurred early on during the pendency of the Highland Capital Chapter 11 bankruptcy case. It would be wildly inefficient for these two new Courts to spend the time to get up to speed with the overlapping parties and issues already pending in the Highland Capital Case. Additionally, three different Courts deciding issues involving overlapping and issues and parties risks inconsistent results, especially given the difficulties involved in such a complex case with so many issues already decided or to be decided in the future in the Highland Capital case.

9. For these reasons, the Chapter 7 Debtors respectfully requests the Courts to either transfer or reassign these cases to Chief Judge Jernigan, and for the Court to grant such further relief, general or special, at law or in equity, to which the Debtor may be rightfully entitled.

        Respectfully submitted,

        QUILLING, SELANDER, LOWNDS, WINSLETT
        & MOSER, P.C.
        2001 Bryan Street, Suite 1800
        Dallas, Texas 75201
        (214) 871-2100 (Telephone)
        (214) 871-2111 (Facsimile)

        By: */s/ Hudson M. Jobe*
            Hudson M. Jobe
            State Bar No. 24041189

        ATTORNEYS FOR DEBTOR

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on June 1, 2023, I conferred with Scott Seidel and was advised that the Chapter 7 Trustee is reserving his position with respect to the Motion.

        */s/ Hudson M. Jobe*
        Hudson M. Jobe

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2023, a true and correct copy of the foregoing document was served via ECF electronic filing in both of the above-captioned bankruptcy cases and via first-class mail on the parties listed on the mailing matrix attached hereto.

        */s/ Hudson M. Jobe*
        Hudson M. Jobe