PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) *(admitted pro hac vice)*
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910/Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100/Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| HIGHLAND SELECT EQUITY MASTER FUND, L.P.,[1] | ) ) ) ) | Case No. 23-31037-swe7 |
| Debtor. | ) ) | |
| In re: | ) ) | Chapter 7 |
| HIGHLAND SELECT EQUITY FUND GP, L.P.,[2] | ) ) ) | Case No. 23-31039-mv17 |
| Debtor. | ) ) ) | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (0466). The headquarters and service address for the Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] The Debtor's last four digits of its taxpayer identification number are (9917). The headquarters and service address for the Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

**EMERGENCY MOTION IN LIMINE OF HIGHLAND CAPITAL MANAGEMENT, L.P. TO (I) EXCLUDE RECUSAL EVIDENCE AND ARGUMENT IN CONNECTION WITH DEBTORS' MOTION TO TRANSFER CASE TO DALLAS DIVISIONAL OFFICE, OR (II) IN THE ALTERNATIVE, ADJOURN HEARING**

Highland Capital Management, L.P. ("Highland"), a party-in-interest in these cases, pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, made applicable to his proceeding through Rule 9017 of the Federal Rules of Bankruptcy Procedure, hereby files this emergency motion *in limine* (the "Motion *In Limine*") to exclude evidence offered by The Dugaboy Investment Trust ("Dugaboy") in opposition to the motions of Debtors Highland Select Equity Master Fund, L.P. ("Select Master") and Highland Select Equity Fund GP, L.P. ("Select GP" and together with Select Master, the Select Debtors") to transfer or reassign their respective, above-captioned cases (the "Select Cases") to Judge Jernigan [Docket No. 9/9][3] (the "Motion to Transfer") as it relates to the alleged bias and/or recusal of Judge Jernigan, (a) which is contained in the following pleadings: (1) *Creditor The Dugaboy Investment Trust's Objection to Debtor's Motion to Transfer/Reassign Case* [Docket No. 17/20] (the "Objection"); (2) *Appendix in Support of Creditor The Dugaboy Investment Trust's Objection to Debtor's Motion to Transfer/Reassign Case* [Docket No. 20/22] (the "Appendix"); and (3) *Witness and Exhibit List filed by Creditor The Dugaboy Investment Trust* [Docket No. 32/32] (the "W&E List", and collectively, the "Pleadings"), and (b) for which Dugaboy seeks to call Professor Steve Leben as a purported expert witness at the hearing on the Motion to Transfer (the "Hearing").

Alternatively, if the Motion *In Limine* is denied, Highland respectfully requests for the reasons set forth below that the Hearing be continued to October 30, 2023, or such later date as

---

[3] References to "Docket No. __/__" refer first to the docket maintained in the Select Master bankruptcy case and then to the docket maintained in the Select GP bankruptcy case.

this Court is available (the "Alternative Motion" and together with the Motion *In Limine*, the "Motions").

In support of these Motions, Highland states as follows:

## I. PRELIMINARY STATEMENT[4]

1. There is no dispute that (a) Highland was the manager of each of the Select Debtors before the Select Cases were commenced; (b) Judge Jernigan has presided over Highland's own bankruptcy case since December 2019; (c) Highland's Bankruptcy Case and the Select Cases are related; (d) Highland and Dugaboy (Mr. Dondero's "family trust") are the Select Debtors' only material creditors; (e) in Highland's Bankruptcy Case, Dugaboy waived, with prejudice, all claims against Highland concerning the Select Debtors; (f) the Select Trustee would be required to seek Judge Jernigan's approval under the Gatekeeper Provision adopted in Highland's confirmed Plan before pursuing or commencing an action against Highland; (g) the Select Debtors' estates have an aggregate value of less than $700,000; and (h) Mr. Dondero (and/or entities he controls) has previously filed four (4) recusal motions, all of which have been denied, although one remains subject to a Mandamus Petition pending in the District Court.

2. Ignoring these indisputable facts, Dugaboy seeks to turn these Cases into additional fora to launch further attacks on Judge Jernigan. Specifically, under the guise of opposing the Motion to Transfer, Dugaboy asks these Courts to find that Judge Jernigan is "biased" against it (and Mr. Dondero) and (effectively) recuse her from hearing the Select Cases on that basis. In support of its Objection, Dugaboy seeks to introduce hundreds of pages of Proposed Recusal Evidence, including the briefs supporting the prior Recusal Motions and a purported expert report.

---

[4] All capitalized terms used but not defined in this Preliminary Statement have the meanings given to them below.

3

3. Dugaboy's attempt to introduce the Proposed Recusal Evidence and obtain orders from these Courts that Judge Jernigan is "biased" is improper for the following independent reasons:

- Issues of alleged "bias" are not among the factors courts consider in determining motions to transfer or reassign and therefore the Proposed Recusal Evidence is irrelevant and inadmissible;

- Under Bankruptcy Rule 5004, only Judge Jernigan can disqualify herself in a "proceeding in which [her] impartiality might reasonably be questioned" and therefore the Proposed Recusal Evidence is irrelevant and inadmissible;

- Dugaboy's Objection is a procedurally improper collateral attack on numerous court orders, one of which is currently the subject of the Mandamus Petition; and

- Even if the Proposed Recusal Evidence were relevant (and it is not), it should be excluded on the ground that it would be a waste of estate, judicial, and party resources to conduct a fact-intensive, in-person evidentiary hearing concerning matters that have already been litigated, particularly with estates of such relatively modest value.

4. For these reasons, Dugaboy's request to have these Courts find that Judge Jernigan is "biased" and effectively recuse her from hearing the Select Cases is legally and procedurally improper and the Motion *In Limine* should be granted.

5. Alternatively, if the Motion *In Limine* is denied, Highland respectfully requests that the Hearing be adjourned to October 30, 2023, or such day thereafter as counsel may be heard because (a) Highland's litigation counsel is unavailable to conduct an in-person evidentiary hearing on October 20, and (b) no one will be prejudiced since there is no motion or other matter pending in either of the Select Cases that needs to be decided during the proposed adjournment period.

## II. JURISDICTION AND VENUE

6. The Courts have jurisdiction over the Motions pursuant to 28 U.S.C. §§ 157 and 1334(b). The Motions are core proceedings pursuant to 28 U.S.C. § 157(b)(2).

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4

8. The predicates for the relief requested in the Motions are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 401, 402, and 403 of the Federal Rules of Evidence (the "Evidence Rules"), and Rule 9017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### III. RELEVANT BACKGROUND

**A. The Highland Bankruptcy Case**

9. On October 16, 2019, Highland filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Highland Bankruptcy Case"). Case No. 19-34054-sgj11 (Bankr. N.D. Tex.).

10. In December 2019, a motion to transfer venue was granted and the Highland Bankruptcy Case was transferred from Delaware to this district and assigned to Judge Jernigan. Judge Jernigan has presided over the Highland Bankruptcy Case since December 2019.

11. In February 2021, Judge Jernigan entered that certain *Order (i) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief* [Highland Bankr. Docket No. 1943], which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Highland Bankr. Docket No. 1808] (the "Plan").

12. Between March 2021 and February 2023, Dugaboy and other Dondero-controlled entities[5] (collectively, the "Recusal Movants") filed four (4) recusal motions (collectively, the "Recusal Motions")[6] seeking to disqualify Judge Jernigan from the Highland Bankruptcy Case on

---

[5] The parties seeking recusal included Mr. Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., The Dugaboy Investment Trust, The Get Good Trust, and NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC, all of which are directly or indirectly owned and/or controlled by Mr. Dondero.

[6] *See* Highland Bankr. Docket Nos. 2060, 2061, 2062 (the "First Recusal Motion"); 3406, 3470 (the "Second Recusal Motion"); and 3541, 3542, 3570, 3571 (the "Third Recusal Motion"); Adv. Proc. No. 21-03076-sgj, Docket Nos. 309, 315, 318 (the "Fourth Recusal Motion").

5

the purported ground that she was "biased" against them. Three of the Recusal Motions were denied (collectively, the "Recusal Orders"),[7] and the Fourth Recusal Motion has been stayed.[8]

13. On April 4, 2023, the Recusal Movants filed a petition for a writ of mandamus (the "Initial Mandamus Petition") in the U.S. District Court for the Northern District of Texas (the "District Court") with respect to the Third Recusal Order, but Judge Kinkeade (a) took the extraordinary step of "unfiling" the Initial Mandamus Petition as procedurally improper, and (b) directing the Recusal Movants to "initiate a new action" if they wanted to seek a writ from the District Court.[9]

14. The next day, the Recusal Movants initiated a new action and filed another petition for writ of mandamus in the District Court [Case No. 3:23-cv-00726-S, Docket No. 1] (the "Mandamus Petition"), this one spanning 3,625 pages, again seeking an order directing Judge Jernigan to recuse herself from presiding over the Highland Bankruptcy Case. The Mandamus Petition remains pending before Judge Scholer.

B. The Select Chapter 7 Cases

15. On May 25, 2023, each of the Select Debtors commenced a case under chapter 7 of the Bankruptcy Court in the United States Bankruptcy Court for the Northern District of Texas. Select Master's case was assigned to Judge Scott W. Everett, and Select GP's case was assigned to Judge Michelle V. Larson. Scott Seidel was appointed the chapter 7 trustee (the "Select Trustee") in each of the Select Cases.

---

[7] *See* Highland Bankr. Docket Nos. 2083 (the "First Recusal Order"); 3479 (the "Second Recusal Order"); and 3676 (the "Third Recusal Order," and together with the First Recusal Order and Second Recusal Order, the "Recusal Orders"); *see also In re Highland Cap. Mgmt., L.P.*, Case No. 19-30454-sgj11, Docket No. 2803 (Bankr. N.D. Tex. Mar. 22, 2021); *In re Highland Cap. Mgmt., L.P.*, 2023 Bankr. LEXIS 579 (Bankr. N.D. Tex. Mar. 5, 2023).
[8] *See* Order entered in Adv. Proc. No. 21-03076-sgj at Docket No. 338 ¶2.
[9] Civ. Action No. 3:21-cv-00879-K, Docket Nos. 41, 42 (N.D. Tex. Apr. 5, 2023).

6

### C. The Transfer Motion and Dugaboy's Objection

16. On June 12, 2023, the Select Debtors filed the Motion to Transfer seeking to transfer the Select Cases to Judge Jernigan.

17. On July 10, 2023, Dugaboy filed its Objection contending, among other things, the Select Debtors filed the Motion to Transfer to "take advantage" of Judge Jernigan's alleged "animus towards Dugaboy and Mr. Dondero." Objection at 1.

18. In support of its Objection, Dugaboy attached hundreds of pages of documents alleging Judge Jernigan's "bias," including (a) the Recusal Movants' briefs filed in support of their Recusal Motions, and (b) a purported expert report in which Dugaboy's proposed witness (Professor Leben) opines that Judge Jernigan should be recused (*see* Appendix at Docket No. 20/22) (collectively, the "Proposed Recusal Evidence"). Dugaboy seeks to introduce into the record all of the Proposed Recusal Evidence and call Professor Leben to testify, at the Hearing on the Motion to Transfer (*see* W&E List at Docket No. 32/32).

19. On July 10, 2023, the Select Trustee filed his response to the Transfer Motion and took no position on the outcome. [Docket No. 21/19].

20. On July 14, 2023, Highland filed joinders to the Motion to Transfer [Docket No. 26/27] (collectively, the "Highland Joinders").

21. Dugaboy is the only party-in-interest opposing the Transfer Motion.

### IV. ARGUMENT

#### A. Legal Standard

22. Motions *in limine* allow a trial court to make pretrial rulings on the admissibility and relevance of evidence. *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003) (*citing Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) ("Although the Federal Rules of

7

Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials") (citing FED. R. EVID. 103(c)).

23. Rule 103(c) of the Federal Rules of Evidence states as follows:

(c) Court's Statement About the Ruling; Directing an Offer of Proof. The court may make any statement about the character or form of the evidence, the objection made, and the ruling. The court may direct that an offer of proof be made in question-and-answer form.

FED. R. EVID. 103(c).

24. Evidence Rule 401 provides that evidence is "relevant" only if it, among other things, concerns an alleged fact that "is of consequence in determining the action." Evidence Rule 402 provides that irrelevant evidence is not admissible. And Evidence Rule 403 provides that courts may exclude "relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

25. Here, the Proposed Recusal Evidence is irrelevant to the Transfer Motion. Even if the Proposed Recusal Evidence was relevant (which it is not), the Court should exclude it.

**B. The Proposed Recusal Evidence Is Irrelevant; "Bias" Is Not a Factor Considered on a Motion to Transfer**

26. Under applicable case law, courts "have the inherent power to transfer cases from one to another for the expeditious administration of justice." *U.S. v. Stones*, 411 F.3d 597, 598-99 (5th Cir. 1969); *see also Cook v. City of Dallas*, 683 F. App'x 315, 322-23 (5th Cir. 2017).

27. In deciding whether to transfer or re-assign cases, courts in this circuit have considered factors such efficiency and the need for consistent results. *See Save Power Ltd. v Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir 1997) ("The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs," noting "[t]he concern

8

manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.") (internal quotations omitted). "This concern applies where related cases are pending before two judges in the same district, as is the case here, as well as where related cases have been filed in different districts." *Id.*; *see also Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 961 F.2d 1148, 1161 n. 28 (5th Cir.1992) ("The same concern with avoiding duplicative litigation is present where similar suits have been filed in two courts within the same district."), *cert. denied,* 506 U.S. 1079, 113 S.Ct. 1046, 122 L.Ed.2d 355 (1993).[10]

28. While the most important factors applicable here are efficiency and consistent results, Highland is unaware of any case where the purportedly perceived "bias" or "prejudice" of the judge is a factor to be considered. And that makes sense. Except for appeals, judges don't generally judge other judges, but that does not leave Dugaboy without a remedy. If the Transfer Motion is granted (as it should be), Dugaboy can move to recuse Judge Jernigan in accordance with applicable rules (see below).

29. Because Judge Jernigan's alleged "bias" is not a fact "of consequence in determining the" Transfer Motion, the Proposed Recusal Evidence is irrelevant under Evidence Rule 401(b)) and inadmissible under Evidence Rule 402.

---

[10] Dugaboy's current suggestion that cases cannot be re-assigned among judges within the same district is contradicted by its own conduct; Dugaboy previously sought and obtained similar relief. *See*, *e.g.*, *Defendants' Memorandum of Law In Support of Their Motion to Consolidate the Notes Cases*, Case No. 3:21-cv-01010-E, Docket No. 14 (motion to have four related actions re-assigned and consolidated before Judge Starr on the ground that two of the cases were already pending before Judge Starr such that consolidation would promote "judicial economy"); *Order Granting Defendant's Motion to Consolidate The Notes Cases*, Case No. 3:21-cv-01010-X, Docket No. 27 (overriding "typical procedure" and reassigning and consolidating various related cases on the ground of "judicial efficiency").

9

C. **The Proposed Recusal Evidence Is Irrelevant Because These Courts Have No Authority to Disqualify Judge Jernigan**

30. Dugaboy's attempt to have these Courts admit and consider the Proposed Recusal Evidence and adjudicate whether Judge Jernigan is "biased" is prohibited as a matter of law. Matters of recusal are governed by 28 U.S.C. § 455 ("Section 455"), made applicable by Bankruptcy Rule 5004. Section 455 provides that ***only*** the judge whose "impartiality might reasonable be questioned" can initially determine whether disqualification is required. *See U.S. v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) (only "the challenged judge [themselves] should rule on the legal sufficiency of a recusal motion in the first instance"); *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) ("Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge") (internal quotations omitted); *see also United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999) (same).

31. Dugaboy cannot evade Section 455 while seeking the same substantive relief (*i.e.*, Judge Jernigan's "recusal") under the guise of an objection to the Transfer Motion. Section 455 provides that only Judge Jernigan can determine in the first instance (as opposed to appeals) whether disqualification is required. Since these Courts lack the statutory authority to determine Judge Jernigan's alleged "bias," Dugaboy's Proposed Recusal Evidence (including the purported expert evidence) is irrelevant and inadmissible for any purpose.

D. **Dugaboy's Attempt to Relitigate the Recusal Motions in this Court Is an Improper Collateral Attack**

32. As set forth above, the Recusal Movants, including Dugaboy, have filed four (4) Recusal Motions alleging that Judge Jernigan is "biased" against them. Three of the Recusal Motions have been denied and one has been stayed. Notably, the District Court has jurisdiction over the Third Recusal Order because it is the subject of the pending Mandamus Petition.

10

33. Although the Recusal Orders are non-final, interlocutory orders, they still bind the Recusal Movants. If Dugaboy wishes to overturn the Third Recusal Order, it should focus on its own pending Mandamus Petition. Alternatively, Dugaboy could file a new motion under Section 455 after the Select Cases are reassigned and transferred to Judge Jernigan.

34. Dugaboy's collateral attack on the Recusal Orders is improper—particularly since the Third Recusal Order is the subject of the Mandamus Petition pending in the District Court. These Courts should decline Dugaboy's invitation to wade into matters that (a) have already been determined, (b) are the subject of litigation currently pending in the District Court, and (c) can be raised by Dugaboy in a procedurally proper manner.

E. **Excluding the Proposed Recusal Evidence Preserves Estate, Judicial, and Party Resources**

35. As set forth above, the Proposed Recusal Evidence has already been considered by Judge Jernigan. Allowing Dugaboy to introduce the Proposed Recusal Evidence into evidence and relitigate fact issues previously decided would be a waste of judicial, estate and party resources. Dugaboy litigated the Recusal Motions and lost. Dugaboy should not be allowed to force the parties to these Select Cases and the Courts to expend their time and resources re-litigating such matters, especially where, as here, Dugaboy has waived (with prejudice) all claims against Highland concerning the Select Debtors; there is relatively little at stake, and there is no dispute that any pursuit or commencement of claims against Highland will require Judge Jernigan's prior approval.

F. **In the Alternative, Highland Requests Adjournment of the Hearing**

36. If the Motion *In Limine* is denied, Highland respectfully requests that the Hearing be adjourned to October 30, 2023 or such later date as counsel may be heard, on the ground that

11

Highland's litigation counsel has a time-sensitive, evidentiary hearing in another matter in the United States Bankruptcy Court for the District of Delaware on October 20, 2023.

37. Given that the Motion to Transfer has been pending since early July, and that no motion or other matter is pending in either of the Select Cases that must or could be decided during this brief period of adjournment, no party could credibly claim to be prejudiced by the granting of this alternative relief.

## V. CONCLUSION

38. For the foregoing reasons, Highland respectfully requests that the Court enter an order (a) granting the Motion *In Limine* and excluding all of the Proposed Recusal Evidence from the record, or (b) alternatively, adjourning the Hearing on the Transfer Motion to October 30, 2023 or such later date as counsel may be heard, and (c) granting such other and further relief as these Courts deem just and proper under the circumstances.

*[Remainder of Page Intentionally]*

Dated: October 16, 2023     **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717) (*pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:     jpomerantz@pszjlaw.com
              jmorris@pszjlaw.com
              gdemo@pszjlaw.com
              hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that, on October 13 and 16, 2023, counsel for Highland corresponded with counsel for the Select Debtors, the Select Trustee, and Dugaboy regarding the relief requested in the foregoing Motion *In Limine*. Counsel for Dugaboy advised counsel for Highland that Dugaboy is **OPPOSED** to the relief requested in the Motion *In Limine*. Counsel for the Select Debtors and the Select Trustee did not respond.

　　　　　　　　　　　　　　　　　　 */s/ Zachery Z. Annable*
　　　　　　　　　　　　　　　　　　　Zachery Z. Annable