PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) *(admitted pro hac vice)*
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910/Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100/Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| HIGHLAND SELECT EQUITY MASTER FUND, L.P.,[1] | ) ) ) ) | Case No. 23-31037-swe7 |
| Debtor. | ) ) | |
| In re: | ) ) | Chapter 7 |
| HIGHLAND SELECT EQUITY FUND GP, L.P.,[2] | ) ) ) | Case No. 23-31039-mv17 |
| Debtor. | ) ) ) | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (0466). The headquarters and service address for the Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] The Debtor's last four digits of its taxpayer identification number are (9917). The headquarters and service address for the Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S UNOPPOSED MOTION FOR EMERGENCY HEARING ON EMERGENCY MOTION IN LIMINE TO (I) EXCLUDE RECUSAL EVIDENCE AND ARGUMENT IN CONNECTION WITH DEBTORS' MOTION TO TRANSFER CASE TO DALLAS DIVISIONAL OFFICE, OR (II) IN THE ALTERNATIVE, ADJOURN HEARING**

Highland Capital Management, L.P. ("Highland"), a party-in-interest in these cases, through its undersigned counsel, hereby files this **UNOPPOSED** motion (the "Motion to Expedite") requesting an emergency hearing on the *Emergency Motion in Limine of Highland Capital Management, L.P. to (i) Exclude Recusal Evidence and Argument in Connection with Debtors' Motion to Transfer Case to Dallas Divisional Office, or (ii) in the Alternative, Adjourn Hearing* (the "Motion *In Limine*")[3] through which Highland seeks to exclude evidence offered by The Dugaboy Investment Trust ("Dugaboy") in opposition to the motions of Debtors Highland Select Equity Master Fund, L.P. ("Select Master") and Highland Select Equity Fund GP, L.P. ("Select GP" and together with Select Master, the Select Debtors") to transfer or reassign their respective, above-captioned cases (the "Select Cases") to Judge Jernigan [Docket No. 9/9][4] (the "Motion to Transfer") as it relates to the alleged bias and/or recusal of Judge Jernigan, (a) which is contained in the following pleadings: (1) *Creditor The Dugaboy Investment Trust's Objection to Debtor's Motion to Transfer/Reassign Case* [Docket No. 17/20] (the "Objection"); (2) *Appendix in Support of Creditor The Dugaboy Investment Trust's Objection to Debtor's Motion to Transfer/Reassign Case* [Docket No. 20/22] (the "Appendix"); and (3) *Witness and Exhibit List filed by Creditor The Dugaboy Investment Trust* [Docket No. 32/32] (the "W&E List", and collectively, the "Pleadings"), and (b) for which Dugaboy seeks to call Professor Steve Leben as

---

[3] Capitalized terms not otherwise defined in this Motion to Expedite have the meanings ascribed to them in the Motion *In Limine*.

[4] References to "Docket No. __/__" refer first to the docket maintained in the Select Master bankruptcy case and then to the docket maintained in the Select GP bankruptcy case.

2

a purported expert witness at the hearing on the Motion to Transfer (the "Hearing") currently scheduled to take place on October 19, 2023.[5]

In support of the Motion to Expedite, Highland respectfully states the following:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over the Motion to Expedite pursuant to 28 U.S.C. §§ 157 and 1334(b). The Motion to Expedited is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested in the Motion to Expedite are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II. RELEVANT BACKGROUND

**A. The Highland Bankruptcy Case**

4. On October 16, 2019, Highland filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Highland Bankruptcy Case"). Case No. 19-34054-sgj11 (Bankr. N.D. Tex.).

5. In December 2019, a motion to transfer venue was granted and the Highland Bankruptcy Case was transferred from Delaware to this district and assigned to Judge Jernigan. Judge Jernigan has presided over the Highland Bankruptcy Case since December 2019.

6. In February 2021, Judge Jernigan entered that certain *Order (i) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief* [Highland Bankr. Docket No. 1943], which confirmed the *Fifth Amended*

---

[5] Alternatively, if the request to exclude evidence set forth in the Motion *In Limine* is denied, Highland respectfully requests that the Hearing be continued to October 30, 2023, or such later date as this Court is available.

3

*Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Highland Bankr. Docket No. 1808] (the "Plan").

7. Between March 2021 and February 2023, Dugaboy and other Dondero-controlled entities[6] (collectively, the "Recusal Movants") filed four (4) recusal motions (collectively, the "Recusal Motions")[7] seeking to disqualify Judge Jernigan from the Highland Bankruptcy Case on the purported ground that she was "biased" against them. Three of the Recusal Motions were denied (collectively, the "Recusal Orders"),[8] and the Fourth Recusal Motion has been stayed.[9]

8. On April 4, 2023, the Recusal Movants filed a petition for a writ of mandamus (the "Initial Mandamus Petition") in the U.S. District Court for the Northern District of Texas (the "District Court") with respect to the Third Recusal Order, but Judge Kinkeade (a) took the extraordinary step of "unfiling" the Initial Mandamus Petition as procedurally improper, and (b) directing the Recusal Movants to "initiate a new action" if they wanted to seek a writ from the District Court.[10]

9. The next day, the Recusal Movants initiated a new action and filed another petition for writ of mandamus in the District Court [Case No. 3:23-cv-00726-S, Docket No. 1] (the "Mandamus Petition"), this one spanning 3,625 pages, again seeking an order directing Judge

---

[6] The parties seeking recusal included Mr. Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., The Dugaboy Investment Trust, The Get Good Trust, and NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC, all of which are directly or indirectly owned and/or controlled by Mr. Dondero.

[7] *See* Highland Bankr. Docket Nos. 2060, 2061, 2062 (the "First Recusal Motion); 3406, 3470 (the "Second Recusal Motion"); and 3541, 3542, 3570, 3571 (the "Third Recusal Motion"); Adv. Proc. No. 21-03076-sgj, Docket Nos. 309, 315, 318 (the "Fourth Recusal Motion").

[8] *See* Highland Bankr. Docket Nos. 2083 (the "First Recusal Order"); 3479 (the "Second Recusal Order"); and 3676 (the "Third Recusal Order," and together with the First Recusal Order and Second Recusal Order, the "Recusal Orders"); *see also In re Highland Cap. Mgmt., L.P.*, Case No. 19-30454-sgj11, Docket No. 2803 (Bankr. N.D. Tex. Mar. 22, 2021); *In re Highland Cap. Mgmt., L.P.*, 2023 Bankr. LEXIS 579 (Bankr. N.D. Tex. Mar. 5, 2023).

[9] *See* Order entered in Adv. Proc. No. 21-03076-sgj at Docket No. 338 ¶2.

[10] Civ. Action No. 3:21-cv-00879-K, Docket Nos. 41, 42 (N.D. Tex. Apr. 5, 2023).

4

Jernigan to recuse herself from presiding over the Highland Bankruptcy Case. The Mandamus Petition remains pending before Judge Scholer.

**B.   The Select Chapter 7 Cases**

10. On May 25, 2023, each of the Select Debtors commenced a case under chapter 7 of the Bankruptcy Court in the United States Bankruptcy Court for the Northern District of Texas. Select Master's case was assigned to Judge Scott W. Everett, and Select GP's case was assigned to Judge Michelle V. Larson. Scott Seidel was appointed the chapter 7 trustee (the "Select Trustee") in each of the Select Cases.

**C.   The Transfer Motion and Dugaboy's Objection**

11. On June 12, 2023, the Select Debtors filed the Motion to Transfer seeking to transfer the Select Cases to Judge Jernigan.

12. On July 10, 2023, Dugaboy filed its Objection contending, among other things, the Select Debtors filed the Motion to Transfer to "take advantage" of Judge Jernigan's alleged "animus towards Dugaboy and Mr. Dondero." Objection at 1.

13. In support of its Objection, Dugaboy attached hundreds of pages of documents alleging Judge Jernigan's "bias," including (a) the Recusal Movants' briefs filed in support of their Recusal Motions, and (b) a purported expert report in which Dugaboy's proposed witness (Professor Leben) opines that Judge Jernigan should be recused (*see* Appendix at Docket No. 20/22) (collectively, the "Proposed Recusal Evidence"). Dugaboy seeks to introduce into the record all of the Proposed Recusal Evidence and call Professor Leben to testify, at the Hearing on the Motion to Transfer (*see* W&E List at Docket No. 32/32).

14. On July 10, 2023, the Select Trustee filed his response to the Transfer Motion and took no position on the outcome. [Docket No. 21/19].

5

15. On July 14, 2023, Highland filed joinders to the Motion to Transfer [Docket No. 26/27] (collectively, the "Highland Joinders").

16. Dugaboy is the only party-in-interest opposing the Transfer Motion.

17. On October 16, 2023, Highland filed the Motion *In Limine* in each of the Select Cases.

### III. RELIEF REQUESTED

18. Through this Motion to Expedite, Highland respectfully requests that the Court set a hearing on the Motion *In Limine* to occur on October 19, 2023 prior to hearing the Motion to Transfer.

### IV. ARGUMENT

19. Pursuant to section 105(a) of the Bankruptcy Code, the Court "may issue any order . . . that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Furthermore, pursuant to Bankruptcy Rule 9006, the Court may, for cause shown, reduce the notice period required prior to a hearing.

20. A prompt hearing on the Motion *In Limine* is necessary and in the best interests of all parties. As set forth more fully in the Motion *In Limine*, the Proposed Recusal Evidence has already been considered by Judge Jernigan. Allowing Dugaboy to introduce the Proposed Recusal Evidence into evidence at the Hearing on the Motion to Transfer and relitigate fact issues previously decided would be a waste of judicial, estate and party resources. Dugaboy litigated the Recusal Motions and lost. Dugaboy should not be allowed to force the parties to these Select Cases and the Courts to expend their time and resources relitigating such matters.

21. Ruling on the Motion *In Limine* prior to the Hearing on the Motion to Transfer will help streamline the presentation of evidence at the Hearing, preserving vital estate and Court resources by clearly delineating the scope of evidence and argument to be considered.

6

22. Notice of the proposed emergency hearing will be provided to (i) counsel for Dugaboy, (ii) counsel for the Select Debtors, (iii) the Select Trustee, and (iv) the Select Trustee's counsel by email and the Court's CM/ECF system. Such notice is sufficient because it includes all parties-in-interest who have filed any pleading or document with respect to the Motion to Transfer.

23. Highland is requesting an expedited hearing on the Motion *In Limine* to occur on October 19, 2023 prior to hearing the Motion to Transfer. Per the certificate of conference attached below, Dugaboy is **UNOPPOSED** to an expedited hearing on the Motion *In Limine* so long as it occurs on October 19, 2023—the date set for the Hearing on the Motion to Transfer.

## V.    PRAYER

WHEREFORE, Highland respectfully requests that the Court enter an order (i) granting the Motion to Expedite, (ii) setting an expedited hearing on the Motion *In Limine* on October 19, 2023 prior to hearing the Motion to Transfer, and (iii) granting Highland such further and additional relief as the Court deems appropriate.

*[Remainder of Page Intentionally]*

| | |
|---|---|
| Dated: October 16, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>Jeffrey N. Pomerantz (CA Bar No.143717) (*pro hac vice*)<br>John A. Morris (NY Bar No. 2405397) (*pro hac vice*)<br>Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)<br>Hayley R. Winograd (NY Bar No. 5612569) (*pro hac vice*)<br>10100 Santa Monica Boulevard, 13th Floor<br>Los Angeles, CA  90067<br>Telephone: (310) 277-6910<br>Facsimile:  (310) 201-0760<br>Email:    jpomerantz@pszjlaw.com<br>            jmorris@pszjlaw.com<br>            gdemo@pszjlaw.com<br>             hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P.* |

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that, on October 16, 2023, counsel for Highland corresponded with counsel for the Select Debtors, the Select Trustee, and Dugaboy regarding the relief requested in the foregoing Motion to Expedite. Counsel for Dugaboy advised counsel for Highland that Dugaboy is **UNOPPOSED** to the relief requested in the Motion to Expedite so long as the hearing on the Motion *In Limine* is scheduled for October 19, 2023. Counsel for the Select Debtors and the Select Trustee did not respond.

                                                 */s/ Zachery Z. Annable*
                                                 Zachery Z. Annable