Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

COUNSEL FOR THE DUGABOY INVESTMENT
TRUST

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **In re** § | |
| § | **Case No. 23-31037-swe7** |
| **HIGHLAND SELECT EQUITY MASTER** § | |
| **FUND, L.P.** § | **(Chapter 7)** |
| § | |
| **Debtor.** § | |

**THE DUGABOY INVESTMENT TRUST'S RESPONSE TO**
**EMERGENCY MOTION IN LIMINE OF HIGHLAND CAPITAL MANAGEMENT, L.P.**
**TO (I) EXCLUDE RECUSAL EVIDENCE AND ARGUMENT IN CONNECTION WITH**
**DEBTORS' MOTION TO TRANSFER CASE TO DALLAS DIVISIONAL OFFICE, OR**
**(II) IN THE ALTERNATIVE, ADJOURN HEARING**

**PRELIMINARY STATEMENT[1]**

Highland Capital Management, L.P. ("HCMLP"), a creditor in this case and the manager of Highland Select Equity Master Fund, L.P. (the "Debtor"), filed an emergency motion *in limine* (the "MIL") ***three days*** before the scheduled hearing on Debtor's motion to transfer this case to Judge Jernigan, who presides over the post effective date HCMLP bankruptcy. HCMLP belatedly filed its MIL despite knowing about the evidence it seeks to exclude (the "Evidence") since it

---

[1] This response is being filed in both this case, Case No. 23-31037-swe7 and in the bankruptcy case of Highland Select Equity Fund GP, L.P. Case No.23-31039-mv17 (together, the "Highland Select Cases").

**DUGABOY INVESTMENT TRUST'S RESPONSE TO EMERGENCY MOTION IN LIMINE – Page 1**
CORE/3524155.0002/185096450.1

received Dugaboy's response to the motion to transfer on July 10, 2023, Dugaboy's Witness and Exhibit list on July 17, 2023, and Dugaboy's (unanswered) request to discuss and resolve any objections to evidence on July 17, 2023.[2] HCMLP's motion *in limine* can and should be denied for its tactical delay alone. HCMLP's tactical delay – and its prejudicial effect on Dugaboy – is also why its alternative request for adjournment must be denied.

As a matter of substance, HCMLP's motion *in limine* is also deficient. As shown below, the evidence HCMLP seeks to exclude shows the very real likelihood that a well-founded motion to recuse will justifiably be made in each case transferred to Judge Jernigan, making such transfer inefficient.

## ARGUMENT

### I. The Motion To Transfer Should Not Be Adjourned

1. The Select Debtors, based on their filed schedules, are insolvent. There are two material creditors – The Dugaboy Investment Trust ("Dugaboy") and insider HCMLP. HCMLP's CEO James Seery signed the voluntary petitions for bankruptcy of both Select Debtors. [Dkt. 1]. While HCMLP's Motion purports to "preserve[ ] vital estate and Court resources" [Dkt. 52 at ¶21], Dugaboy is the only material non-insider beneficiary of the estate.

2. On June 12, 2023, Debtor filed its Motion to Transfer/Reassign Case, asking the Court transfer the Highland Select case to Chief Judge Jernigan. [Dkt. 9]. On July 10, Dugaboy filed its opposition to the Motion on several grounds, including that if the case were transferred to Judge Jernigan, Dugaboy would have to seek to recuse her due to her prior violations of canons of

---

[2] See email from Jeremy Root to counsel for the parties dated July 17, 2023, annexed hereto as Exhibit 5 [App. 025]. Exhibits referenced herein are attached to the Appendix in Support of the Dugaboy Investment Trust's Response to Emergency Motion in Limine.

judicial ethics. [Dkt. 17 at ¶20 *et seq*.]. Dugaboy attached the opinion of judicial ethics expert Professor Steve Leben ("Professor Leben" or "Leben") in support. [Dkt. 20 at Ex. 5].

3. On July 14, 2023, HCMLP filed its Response and Joinder to Motion to Transfer/Reassign Case [Dkt. 26].[3] The same date, Dugaboy filed its Witness and Exhibit List, which specifically listed former Professor Leben as a witness and included his Expert Report as an exhibit. [Dkt. 32]. HCMLP also filed its Witness and Exhibit List on July 14 [Dkt. 30], as did the Debtor, who listed James Seery, the person controlling the Debtors, as a witness. [Dkt. 31].

4. Although there was no matter pending that required judicial attention, on September 7, 2023, the Debtors in the Highland Select Cases, presumably at HCMLP's request, and without consulting counsel for Dugaboy in advance, demanded that the motions to transfer be set for hearing.[4] As a result, the hearings on the motions to transfer were set for 10:30 am[5] and 1:30 pm on October 19, 2023, before their respective judges.[6] Counsel for HCMLP specifically represented that they were available on October 19 in an email that included Mr. Morris, who apparently now finds the schedule inconvenient.[7] However, as soon as the hearing was set, Dugaboy prepared for the hearing to take place on that date, including purchasing airline tickets and making travel arrangements for its expert witness, Professor Leben, to travel from Kansas City, Missouri to attend the hearing.

5. Friday at 5:39 pm, three business days before the hearing, HCMLP sent an email notifying Dugaboy that (a) HCMLP will be filing a Motion in Limine the following Monday

---

[3] HCMLP also filed a Supplemental Response on September 25, 2023 [Dkt. 40].
[4] See email from Hudson Jobe to Dawn Harden and Jenni Bergreen dated September 7, 2023, annexed hereto as Exhibit 2 [App. 009 - 010].
[5] See email from Ms. Bergreen to Mr. Jobe dated September 18, 2023 correcting hearing time to 10:30 am before Judge Everett, annexed hereto as Exhibit 3 [App. 012].
[6] See email from Ms. Harden to Mr. Jobe dated September 18, 2023 setting 1:30 pm hearing before Judge Larson, annexed hereto as Exhibit 2 [App. 004].
[7] See email from George Demo to counsel for the parties dated September 13, 2023, annexed hereto as Exhibit 4 [App. 019].

(October 16) to exclude the Leben Report first disclosed in July, (b) that *if and only if* Dugaboy did not consent to excluding its own evidence, *then* the hearing should be continued because HCMLP's counsel Mr. Morris will be traveling for a hearing in Delaware the next day, and (c) *but* "[i]f all parties agree that the hearings on the motions to re-assign will not be evidentiary hearings, we are happy moving forward on October 19."[8]

6. This is not a scheduling conflict warranting a continuance; HCMLP is "happy moving forward" on a non-evidentiary hearing. Rather, HCMLP did not think to file a motion *in limine* earlier, apparently is concerned the Court will not entertain its tardy Motion, and is scrambling for a solution. Therefore, HCMLP has a scheduling conflict that will appear if Dugaboy insists on presenting Professor Leben's testimony, but disappear if Dugaboy agrees to withdraw such testimony. *See* Dkt. 51 (Motion in Limine) at ¶36.

7. HCMLP seeks to preclude evidence about which it has known for months and to reschedule a hearing that it set more than a month ago, causing others to prepare and incur expenses. To make matters worse, HCMLP has been aware of the evidentiary nature of this hearing since at least July 14, 2023, when Dugaboy filed its Witness and Exhibit List, which specifically listed Professor Leben as a witness and included his Opinion Letter as an exhibit. [Dkt. 32]. Still worse, on July 17, 2023, Dugaboy sent an email to counsel for HCMLP and the Debtors asking about objections to any exhibits and witnesses filed by the parties and specifically asking if any party had any objections to the witnesses and exhibits on Dugaboy's lists.[9] HCMLP only responded to that email on October 13, 2023, attempting to sandbag Dugaboy with its demand

---

[8] See email from counsel for HCMLP to counsel for Dugaboy and others dated October 13, 2023, annexed here to as Exhibit 1 [App. 002].
[9] See email from Jeremy Root to counsel for the parties dated July 17, 2023, annexed hereto as Exhibit 5 [App. 025].

**DUGABOY INVESTMENT TRUST'S RESPONSE TO EMERGENCY MOTION IN LIMINE – Page 4**
CORE/3524155.0002/185096450.1

three business days before the scheduled hearing. HCMLP's tactics should not be countenanced, and its motion should be denied.

## II. The Evidence HCMLP Seeks To Exclude Is Material And Necessary

8. HCMLP makes four arguments as to why it believes that the Evidence should be excluded. One, HCMLP argued that any evidence of bias is irrelevant because it is not a specific enumerated factor to be considered when deciding a motion to transfer or reassign. Two, HCMLP argued that the Evidence is irrelevant because this Court cannot recuse Judge Jernigan. Three, HCMLP argues that Dugaboy cannot relitigate the recusal issue in this Court. And, fourth, HCMLP argues that considering the recusal issue would be a waste of judicial, estate and party resources since there is relatively little at stake in these cases

9. The central flaw in HCMLP's arguments is its premise that Dugaboy is asking this Court to recuse Judge Jernigan. Dugaboy, in fact, is seeking to do the opposite. Dugaboy is seeking to prevent HCMLP and the Debtors from engaging in prohibited judge shopping. Recusal will only become an issue if these cases are transferred to Judge Jernigan.

10. Bankruptcy Rule 1001 requires matters to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding." Transferring this case to Judge Jernigan would not result in "the just, speedy, and inexpensive determination" of the case because Dugaboy will have no choice but to seek to recuse Judge Jernigan for all of the reasons described in Dugaboy's opposition to the Motion to Transfer.

11. As Dugaboy stated in its opposition, facing similar circumstances, one bankruptcy court noted that the litigants' subjective perception of bias, even if it did not warrant disqualification, will continue to cause multiple motions and delays. "These delays, and the substantial likelihood of future delays, threaten to prejudice both [the debtor] and other parties-in-

interest, and this prejudice must be considered in the context of the interests of justice and judicial economy." *In re Krichevsky*, 640 B.R. 524, 545 (E.D. N.Y. Bankr. 2022).

12. No party has identified any issue on which Judge Jernigan's familiarity with the HCMLP case would present some efficiency here, much less enough efficiency to overcome the inefficiency inherent in putting additional cases before Judge Jernigan that will be the subject of motions to recuse. These are simple cases with minimal assets.

13. There is no rule for intra-district transfer of bankruptcy cases, the relief sought by HCMLP.[10] Accordingly, HCMLP is rhetorically correct that bias is not a specifically enumerated factor supporting intra-district transfer of bankruptcy cases because there are *no* enumerated factors in support of the procedure HCMLP seeks. However, analyzing the authority in support of inter and intra-district transfers of non-bankruptcy cases, even if bias is not a factor specifically enumerated by courts, efficiency is, as HCMLP recognizes, one of the "most important factors" to be considered.[11] HCMLP readily concedes that "Dugaboy can move to recuse Judge Jernigan in accordance with applicable rules" if the transfer motion is granted.[12] It thus acknowledges that transferring this case will lead to inefficiencies as the recusal issues will then need to be addressed and considered in these bankruptcies.[13] The only way to avoid the recusal issues from burdening these bankruptcies is to deny the transfer to Judge Jernigan.

---

[10] HCMLP suggests Dugaboy previously conceded that intra-district transfers of cases are permissible. MIL DKT 51 p.9, n.10. HCMLP fails to point out that the consolidation at issue previously was of multiple objections to ***the same report and recommendation*** regarding withdrawal of the reference that had been sent to several different district judges. *See* Defendants' Memorandum of Law in Support of Their Motion to Consolidate the Note Cases, Case No. 3:21-cv-00880-C, Dkt. 17. https://www.kccllc.net/hcmlp/document/1934054211211000000000007 Nothing about that situation is a concession that transfer is appropriate here.

[11] MIL ¶ 28.

[12] HCMLP MIL at 9.

[13] Similarly, courts have recognized that the appearance of bias can constitute the extraordinary circumstances that would justify the withdrawal of the reference in certain proceedings. *Cooley v. Foti*, No. CIV.A. 86-3704, 1988 WL 10166, 1988 U.S. Dist. LEXIS 1131 at *5 (E.D. La. Feb. 5, 1988) (finding the magistrate judge's personal "bias constitutes extraordinary circumstances and justifies the withdrawal of the [analogous] § 636[] references"). In Cooley, the District Court, in making its determination that there were sufficient reasons to justify vacating a reference to a magistrate judge based on the "possibility of bias or prejudice," found that the "magistrate evidenced a degree of anger so pervasive as to amount to personal bias, even though it had its origin in litigation before the magistrate." *Id*.

**DUGABOY INVESTMENT TRUST'S RESPONSE TO EMERGENCY MOTION IN LIMINE – Page 6**
CORE/3524155.0002/185096450.1

14. The evidence Dugaboy seeks to present is not for the purpose of asking this Court to recuse Judge Jernigan. It is for the purpose of showing that there is an ample basis for Dugaboy to seek to recuse Judge Jernigan if the cases are transferred. That is, Dugaboy is showing that there is a real threat of inefficiency, delay and additional cost if these cases are transferred.

15. In sum, because the recusal issues only will need to be addressed in this bankruptcy case if the transfer is granted, such transfer would certainly not be efficient or conserve judicial resources. The only way for the parties to avoid exactly what HCMLP claims to be attempting to avoid – namely, relitigation of recusal issues – is to deny the transfer to Judge Jernigan.

## CONCLUSION

Dugaboy requests that the Court deny HCMLP's Emergency Motion In Limine and request for an adjournment in its entirety.

Dated: October 17, 2023

Respectfully submitted,

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for The Dugaboy Investment Trust*

---

at \*\*5-6. The evidence of bias in that case included, among other things, *sua sponte* actions by the magistrate requiring the requesting party to show cause why he should not be sanctioned for filing answers and defenses that did not "fairly meet the substance of the averments denied." *Id*. at 3. The actions here, although related to a motion to transfer, similarly demonstrate, at a minimum, a possibility of bias or prejudice that needs to be avoided, if possible.

**DUGABOY INVESTMENT TRUST'S RESPONSE TO EMERGENCY MOTION IN LIMINE – Page 7**
CORE/3524155.0002/185096450.1

## CERTIFICATE OF SERVICE

I certify that on October 17, 2023, a true and correct copy of the foregoing document was served via the Court's Electronic Case Filing system to the parties that are registered or otherwise entitled to receive electronic notices in this proceeding.

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez